BENTON v. TAYLOR. (No. 898.)

(Court of Civil Appeals of Texas. El Paso.
Jan. 16, 1919. Rehearing Denied,
Feb. 20, 1919.)

1. APPEAL AND ERROR ☞395 — PERFECTION OF APPEAL—FILING BOND.

Where bond on a cross-appeal is not filed within the time required, a motion to dismiss the appeal will be· sustained.

2. JUDGMENT ☞256(2)—FINDINGS—CONFORMITY.

In an action on a contract for profits from a sale of cattle where defendant set up a settlement of all partnership matters and that through plaintiff's fraudulent representations a certain sum had subsequently been paid to plaintiff, for which recovery was sought, held error to fail to allow a recovery of such amount under the special findings.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by E. G. Taylor against Annie M. Benton, administratrix of the estate of William Benton, deceased, in which defendant filed cross-action. From judgment that plaintiff take nothing of defendant and that defendant take nothing of plaintiff, defendant appeals and plaintiff cross-appeals. Cross-appeal dismissed, plaintiff's assignments of error on cross-appeal stricken out, and, on defendant's appeal, judgment reversed and rendered.

W. M. Peticolas and Hudspeth & Harper, all of El Paso, for appellant.

T. A. Falvey and Weeks & Owen, all of El Paso, for appellee.

WALTHALL, J. E. G. Taylor sued Annie M. Benton, administratrix, alleging that William Benton, her husband, in his lifetime had entered into two certain contracts with him (Taylor), one contract of date 13th day of December, 1913, and one of date 19th day of February, 1914, by the terms of which Benton was to furnish the money, without interest, and he (Taylor) was to furnish his time and with the money furnished buy cattle and place them on his (Taylor's) ranch near Friona, Palmer county, Tex., and that when the cattle were sold ,whatever profit

was realized, after paying all expenses, was to be equally divided; that while it was agreed that Benton should furnish all the money to pay for all cattle purchased and expenses for their care, except his (Taylor's) time, should he (Taylor) furnish any money he should be reimbursed therefor out of the money received on the sale of the cattle. Taylor alleged that acting under the two contracts, during the latter part of 1913, and early in 1914, he purchased certain lots of cattle, describing the cattle bought, the amount paid therefor, including the expenses paid on each purchase, amounting in the aggregate to the number of 867 head of cattle purchased, paying therefor the sum of $23,771.74, and that said sum was the total amount of money contributed by Benton to said partnership or enterprise. Plaintiff alleges that he (Taylor) during the fall of 1913, and before the 28th day of September, 1914, paid out, for said partnership, expenses aggregating the sum of $1,834.50, thereby making the total purchase price of said cattle $25,606.24. Taylor alleges that on the 28th day of September, 1914, Benton sold all of said 867 head of cattle to B. L. Croff for the sum of $40,000 paid to Benton by said Croff. Plaintiff sues to recover of defendant the said sum of $1,834.50 as expenses advanced and paid by him for said partnership, and sues to recover the said sum of $7,196.88 as the profits due him by reason of said partnership on the sale of said cattle. Plaintiff made exhibits of and attached to his petition said two contracts.

Defendant answers by general demurrer, several special exceptions, general denial, and alleged that, by the terms of the said contracts between William Benton and Taylor, the cattle remained the property of Benton, and that Taylor's only interest, if any, was in the profits; that on September 5, 1914, all accounts, claims, and matters arising under said contracts were settled and adjusted between the parties, in pursuance of which about 404 head of cattle then at Monahans, Tex., and 121 head of cattle en route from Silver City, N. M., were set over and assigned by Benton to Taylor in consideration of his agreement to repay the moneys which had been advanced by Benton for the purchase of said cattle, to evidence which Taylor executed his note for $17,272 with interest, payable to Benton, and secured it by chattel mortgage on the cattle last described and 83 head owned by Taylor individually; that 136 head of yearlings, 300 head of cows, 300 calves, and 10 bulls, then on the Friona ranch, by the terms of said agreement, became the absolute property of William Benton, and plaintiff had no further interest therein, and the said Monahans cattle became the property of Taylor, subject to said chattel mortgage. Defendant denied that on the 28th day of September, 1914,

208 S.W.—45

William Benton executed a bill of sale to B. L. Croff to the cattle on the Friona Ranch, reciting a consideration of $40,000, but says that such bill of sale, if executed, was executed on the 5th day of September, 1914, and recited a consideration of $26,000, and was intended to convey only the 136 head of yearlings, 300 head of cows, 300 head of calves, and 10 bulls for the consideration of one-half interest in certain mining claims in Mexico; that plaintiff knew all about said sale; that plaintiff and said B. L. Croff fraudulently changed the recited consideration of $26,000 and inserted the consideration $40,000.

Defendant, as a cross-action, says that about October, 1916, plaintiff, Taylor, being about to pay his said $17,272 note, claimed to defendant that said bill of sale made by William Benton to B. L. Croff, being dated September 28, 1914, had conveyed to Croff the 121 head of cattle branded "PIT" which arrived at the Friona ranch about the 20th day of September, 1914, and which had, previously, been sold by Benton to Taylor, and that thereby Taylor had been deprived of their value, and, so falsely representing, he induced defendant to give him a credit on said note of some $7,309.78, when in truth the date of said bill of sale was September 5, 1914, and same could not have affected the 121 head of "PIT" cattle; said cattle having arrived at the Friona ranch after the execution of the bill of sale, and it purporting to convey "all of my right, title and interest to said cattle now on Friona ranch." Defendant by said cross-action sought to recover said sum of $7,309.78.

The court submitted the case to the jury on special issues, in response to which the jury found:

1. That $25,225 was the total amount of money furnished by Benton for the purchase, transportation, and feeding in course of transportation, of the cattle purchased by Taylor and by him placed on his ranch near Friona, Tex.

2. That $4,164 was the amount of money furnished by Benton for the purchase, transportation, and feeding in course of transportation of the 121 head of cattle purchased by Taylor from ——— Henry, at or near Silver City, branded "PIT" and placed on the Friona ranch.

3. That $1,834.50 was the total amount of money reasonably and necessarily paid out by Taylor prior to the 28th day of September, 1914, in caring for the cattle purchased with money furnished by Benton, and placed by Taylor on his Friona ranch.

4. The bill of sale executed by Benton to B. L. Croff conveying his right, title, and interest in all stock then owned and had by him on the Taylor ranch, formerly known as the Harris ranch near Friona, was not executed on the 28th day of September, 1914.

5. The true date of the execution of the Benton-Croff bill of sale was prior to the arrival of the 121 head of cattle branded "PIT" at the Friona ranch.

6. (No answer was returned, question asking market value of the 867 head of cattle in controversy at the Friona ranch on 28th of September, 1914.)

7. $4,164.60 was the market value of the 121 head of cattle branded "PIT," a part of the 867 head on the Friona ranch, on the 28th day of September, 1914, if said cattle were on said ranch on said date.

7a. Taylor had notice that the 28th day of September, 1914, was not the true date of the Benton-Croff bill of sale.

8. Taylor represented to defendant, Mrs. Benton, as administratrix of the Benton estate, that the Benton-Croff bill of sale was executed on the 28th day of September, 1914, and that it conveyed the 121 "PIT" cattle to Croff.

9 and 10. Mrs. Benton without notice of the falsity of the representation (indicated in question next above), and relying on same as true, allowed Taylor a credit of $4,461.54, on Taylor's $17,272 note.

On the verdict as above, the court rendered judgment that plaintiff take nothing of defendant, and that defendant take nothing of plaintiff. Defendant gave notice and perfected her appeal.

Plaintiff also claims to have given notice and perfected his appeal.

Having granted Taylor's motion for certiorari, and now having the entire record before us, we will consider appellant's motion to dismiss appellee's cross-appeal in the light of the record as now presented. Appellee's notice of appeal on the overruling of his motion for a new trial was given on the 1st day of March, 1918. The record shows that the probable amount of costs in the courts on appeal were fixed by the clerk on the 21st day of March, 1918, and his approval of the bond given by appellee on appeal was entered on the bond of that date. The record further shows that the appeal bond was filed on the 22d day of March, 1918. The appeal bond gives the style and number of the case, but does not describe the judgment rendered other than stating: "On the 25th day of February, 1918, there was a final judgment entered in said cause."

[1] Appellant moves to dismiss appellee's cross-appeal on the ground that the bond given on appeal was filed more than 20 days after the action of the court overruling appellee's motion for new trial, and on the ground that appellee's bond given on his cross-appeal does not sufficiently describe the judgment. The record shows that appellee resides in El Paso county, and therefore the bond given on his cross-appeal should have been filed within 20 days after notice of appeal is given. The fixing by the clerk of the

probable amount of costs, and the approval of a bond on appeal, are separate and distinct official acts of the clerk from that of filing the bond, and each act essential to the validity of the bond. Houston & Texas Central Ry. Co. v. Smith, 97 S. W. 519. The bond filed on the 22d day of March would not be within 20 days, where the notice of appeal was given on the 1st day of March. This court is without jurisdiction on the cross-appeal where the bond is not filed within the time required. The motion to dismiss appellee's cross-appeal is sustained.

Appellant also moves to strike out appellee's assignments of error on his cross-appeal, on the ground that the motion for a new trial, made the basis of the assignment, was not an amended motion and was not acted upon by the court. There seems to have been no notice of appeal from an order of the court overruling the motion, and the motion does not show to be an amended motion. A former motion for a new trial was overruled, and, from the order of the court overruling that motion, notice of appeal was given; but the motion for new trial, made the assignments of error in the brief on the cross-assignment, seems not to have been acted upon by the court, and, of course no notice of appeal given from an order overruling the motion. The motion is sustained.

[2] Appellant presents two assignments of error. Both assignments are directed to the refusal of the court to give appellant judgment for the $4,461.54 found by the jury to be the credit allowed by appellant on appellee's representation to appellant that the true date of the execution of the bill of sale of the cattle from Benton to Croff was on the 28th day of September, 1914, and conveyed the 121 head of cattle branded "PIT." The full import and force of the assignments can be seen by reference to the issues made in the pleadings and the findings of the jury, and need not be restated here. The jury found all of the facts in favor of Mrs. Benton on such issues as were pleaded and presented to the jury for special findings. The jury found that appellee had reasonably and necessarily paid in caring for the cattle the sum of $1,834.50. While appellant pleaded a settlement and adjustment of all accounts between the parties in pursuance of which certain cattle were set over and assigned by Benton to Taylor, in consideration of which the $17,272 note was executed by Taylor to Benton, the record does not show that said settlement, if had, included said $1,834.50. The issue of the settlement and what was included therein is not shown in any findings made by the jury or the court. There is evidence to support each finding as made by the jury. The record presents a fact case. We think we need not state the evidence. The burden on the issue that the $1,834.50 had not been accounted for in the

settlement was on Taylor. The issues on which findings were made does not include that fact. We must presume then that the settlement of the Benton-Taylor partnership embraced all partnership matters. The judgment of the trial court on the verdict, we think, should have allowed appellant a recovery against appellee for the $4,461.54, the credit improperly secured by Taylor on the note, with 8 per cent. interest thereon and foreclosure of the mortgage lien on the property and as provided in the original mortgage. The judgment therefore is reversed, and here rendered for appellant for the sum of $4,461.54 and interest and foreclosure as prayed for.

Reversed and rendered.